GREGORY W. STEVENS (USB # 7315)
2825 East Cottonwood Parkway
Suite 500
Cottonwood Corporate Center
Salt Lake County, UT 84121-7060
Telephone: (801) 990-3388
Facsimile: (801) 606-7378
Email: utlaw@aol.com
*Attorney for Plaintiff*
*Damian Huth*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| DAMIAN HUTH,<br><br>                    *Plaintiff*,<br><br>         v.<br><br>SALT LAKE COUNTY and CORDELL WHITMORE, in his individual capacity,<br><br>                    *Defendants*. | **COMPLAINT**<br>(JURY TRIAL DEMANDED)<br><br>Case No 2:17-cv-00553-BJF<br>Magistrate Judge Evelyn J. Furse |

As and for this Complaint against Defendant Salt Lake County (the "County"), a body corporate and politic within the State of Utah, and including the Unified Police Department (the "Department"), as a department, office, or entity within a body corporate and politic within the State of Utah; and Detective Cordell Whitmore, in his individual capacity, who at all relevant times was acting under color of law and as an officer, employee and agent of the County, collectively, the "Defendants," Plaintiff Damian Huth, by and through his attorney, alleges as follows:

## NATURE OF THE CASE

1.   This civil action seeks damages against pursuant to 42 U.S.C. § 1983 against: (a) Detective Whitmore, in his individual capacity acting under color of law as officer, employee and agent of the County and the Department, for his violation of the Fourth, Fifth and Fourteenth Amendments based on his use of deadly force against Mr. Huth when no force at all was necessary and use of excessive force against Mr. Huth, in violation of 42 U.S.C. § 1983; and (b) the County, through the Department, based on its deliberate indifference to the constitutional rights of Mr. Huth and other members of the public; and by its inadequate training, supervision, lack of discipline, and continued retention of Detective Whitmore, and the ratification of the actions of Detective Whitmore by the County and Department, in violation of 42 U.S.C. § 1983.

## JURISDICTION AND VENUE

2.   This Court has jurisdiction over this action pursuant to the following provisions:  (a) 28 U.S.C. § 1331, because this action arises under the Constitution and laws of the United States; (b) 28 U.S.C. § 1343(3), because this action arises under a law of the United States providing for equal rights; and (c) 42 U.S.C. §§ 1983 and 1988, because this action is being brought pursuant to Section 1983 to redress deprivation of rights, privileges, and immunities secured by the Constitution and laws of the United States.

3.   Venue is proper in this Court pursuant to 28 U.S.C. § 1391, because Mr. Huth resides within the jurisdiction of this Court; because the Defendants reside and have been located within the

jurisdiction of this Court; and because the unlawful actions were committed by the Defendants within the jurisdiction of this Court.

## PARTIES

4.  Plaintiff Damian Huth is a citizen of the United States, was 20 years' old at the time of the incident at issue in this civil action, and, during all times relevant to this Complaint, was an individual residing within Salt Lake County, Utah.

5.  Detective Whitmore, upon information and belief, is, and during all relevant times has been, an employee of the County and, in particular, was a Detective employed by the Department acting in his official capacity and under color of law; is being sued in his individual capacity; and resides in Salt Lake County, Utah.

6.  Defendant Salt Lake County, upon information and belief, is, and during all relevant times has been, a body corporate and politic within the State of Utah, and, in that capacity, has been the employer of and, through the Unified Police Department, had supervisory authority over Detective Whitmore and is and has been the final policy-making authority over personnel decisions in the Department; and has its principal place of business located in Salt Lake County, Utah.

7.  The Department, upon information and belief, is a department, division, or office within the County and has the function on behalf of the County of providing police services.

## NOTICE OF CLAIM

8.  The requirements prescribed by Utah's statutory notice of claim provisions, including the Governmental Immunity Act of Utah (the "Act"), Utah Code Ann. § 63-30d-401, are not applicable

-3-

to the claims being asserted in this civil action because the claims being asserted in this civil action are being brought pursuant to 42 U.S.C. § 1983.

9.  On April 7, 2017, Mr. Huth nonetheless served a Notice of Claim on Defendants, but, to the date of the filing of this Complaint, has received no response.

## EVENTS REQUIRING RELIEF

### Conduct Under Color of Law

10.  During all times relevant to this Complaint, each of Defendants was acting under color of the Constitution and, statutes, laws, ordinances, rules, regulations, customs, and usages of the State of Utah, Sandy County, and the United States.

11.  At all times relevant to this Complaint, the Defendants had the duty and opportunity not to interfere with and violate the mental and physical well-being and freedom of Mr. Huth and other members of the public with whom Detective Whitmore would come into contact.

12.  Detective Whitmore, upon information and belief, engaged in the conduct described below in accordance with custom, policy and/or practice of the County and Department that encouraged, permitted and/or condoned such activity.

13.  During all times relevant to this Complaint, each Defendant engaged in the wrongful acts described below with malice, evil intent, and reckless or callous indifference to the federally protected rights of Mr. Huth.

**Detective Whitmore's Unjustified Use of Deadly Force Against Mr. Huth**

14.   On or about October 5, 2016, Officer Michael Khong, a law enforcement officer employed by the Department, requested assistance in serving an arrest warrant on Mr. Huth based on information provided by Mr. Huth's mother-in-law.

15.   Officer Khong arranged to have Mr. Huth in his mother-in-law's car at a predetermined place and time, so that Officer Khong could arrest him.

16.   Officer Khong confirmed that Mr. Huth had an active warrant for his arrest for a violation of his probation on a misdemeanor charge.

17.   Officer Khong enlisted the assistance of Detective Whitmore to provide backup during the arrest.

18.   Officer Khong received a call from Mr. Huth's mother-in-law, notifying Officer Khong of the location of the car, which was being by his mother-in-law.

19.   Officer Khong performed a traffic stop of the car at 6200 South and approximately 5820 West in Kearns, Utah.

20.   Officer Khong was aware, throughout his encounter with Mr. Huth, that Mr. Huth did not have a weapon and did not otherwise pose a threat of serious bodily harm or injury to any member of the public.

21.   Officer Khong has stated that, when he walked up to the car and informed Mr. Huth that he was under arrest, Officer Khong placed his hand on Mr. Huth's forearm and Mr. Huth resisted.

22.   Officer Khong then pulled Mr. Huth from the car and the two of them struggled, though Mr. Huth did not hit or strike Officer Khong and did not have a weapon.

23.   Mr. Huth's wife then jumped on Officer Khong's back to help Mr. Huth escape; and Mr. Huth jumped up and ran into a nearby park.

24.   Detective Whitmore, who had just arrived at the scene, chased Mr. Huth through a field and along a fence line at the border of the garden area.

25.   Detective Whitmore, at all times during his encounter with Mr. Huth, was acting within the scope of his official duties, and under color of law, as delegated to him by the County, through the Department.

26.   Detective Whitmore was aware that Mr. Huth was being arrested for violating his probation on a misdemeanor charge, that he did not possess a weapon, and that he posed no threat of injury or serious bodily harm to members of the public.

27.   Mr. Huth climbed the fence and, when he reached the top of the fence and was caught in the fence, hanging upside down, Detective Whitmore drew his firearm from its holster, aimed at Mr. Huth, and fired his weapon at Mr. Huth, striking him in the shoulder.

28.   Detective Whitmore has claimed that drew his firearm and actually was able to shoot and strike Mr. Huth but did not realize that he did so.

29.   Detective Whitmore's assertion that he accidentally fired his gun and that the bullet that he fired happened to hit Mr. Huth is not credible.

30.  Mr. Huth went over the fence after being shot and fell to the ground; and Detective Whitmore climbed over the fence.

### Deliberate Indifference:  Obvious Failures

31.  Salt Lake County, by and through the Department, had a clear constitutional duty and obvious need to train, monitor, supervise and/or discipline employees of the Department about recurrent situations that such employees would be certain to face, including but not limited the type of situation set forth above in this Complaint.

32.  Failure to provide specific training and failure to monitor, supervise, and/or discipline such employees of the County and Department of the constitutional limits on the intentional and/or reckless use of deadly force and excessive force, beyond any training provided through Police Officer Standards Training ("POST"), created and creates a highly predictable consequence that a constitutional violation will occur as it did here.

33.  The County, by and through the Department, failed to provide specific training beyond that provided through POST and failed to monitor, supervise and/or discipline employees of the Department, including but not limited to Detective Whitmore, on the use of excessive force.

34.  The actions of Detective Whitmore, through his use of excessive, deadly force by way of an unjustified shooting, causing serious bodily injury to Mr. Huth, given that no force at all was needed, alone demonstrate that Detective Whitmore was not afforded even the minimal training needed to perform the duties of his position.

35.   Such failure to train, monitor, supervise and/or discipline on the part of the County, by and through the Department, upon information and belief, constituted deliberate indifference to the constitutional rights of Mr. Huth and members of the public.

**Ratification of the Actions of Detective Whitmore**

36.   The Salt Lake County District Attorney's Office (the "DA's Office") operates under Utah State law to review and screen criminal charges against individuals where criminal activity may have occurred.

37.   The DA's Office operates pursuant to an agreement between the DA's Office and participating law enforcement agencies to perform investigations and independent review of officer-involved critical incidents, including the use by police officers of deadly force while the scope of their official duties.

38.   Pursuant to Utah State law and that agreement, the DA's Office reviewed the incident at issue in this civil action to determine whether the use of force by Detective Whitmore violated criminal statutes and whether the use of deadly force was justified under Utah State law.

39.   On or about March 10, 2017, the DA's Office provided the County, by way of the Department, with a letter in which the DA's Office determined that the shooting and use of deadly force was unjustified.

40.   The County and the Department ratified and approved of the actions of Detective Whitmore more fully described above and showed a deliberate and/or reckless indifference to whether Detective Whitmore engaged in such a constitutional violation.

41.  Detective Whitmore, upon information and belief, continues to be employed by the County and Department as a law enforcement officer.

**Mr. Huth's Injuries and Losses**

42.  As a direct and proximate result of the wrongful activities of the Defendants described in the foregoing paragraphs of this Complaint, Mr. Huth suffered serious, life-threatening physical injuries.

43.  Although Mr. Huth suffered serious, life-threatening injuries as a result of Detective Whitmore's unjustified use of deadly force, Mr. Huth survived his wound following extensive surgical procedures.

44.  Mr. Huth was admitted to the Jordan Valley Hospital on October 5, 2016 and discharged on or about October 9, 2016.

45.  Mr. Huth had suffered a comminuted humeral shaft fracture with an entry wound at the anterior shoulder, no exit wound, and the bullet lodged in the anterior elbow.

46.  Mr. Huth then underwent substantial medical care and physical therapy following the surgery.

47.  Mr. Huth continues to experience pain and decreased mobility in his shoulder as a result of the use of deadly force by Detective Whitmore.

48.  As a further direct and proximate result of the wrongful activities of the Defendants described in the foregoing paragraphs of this Complaint, Mr. Huth has incurred actual medical expenses for treatment to his physical injuries, all in an amount to be determined at trial.

49.  As a further direct and proximate result of the wrongful activities of the Defendants described in the foregoing paragraphs of this Complaint, Mr. Huth anticipates that he will suffer physically and mentally from the gunshot wound and near loss of life, and will require continued physical rehabilitation, for the rest of his life.

50.  As a further direct and proximate result of the wrongful activities of the Defendants described in the foregoing paragraphs of this Complaint, Mr. Huth experienced and will continue to experience trauma, stress, emotional pain, suffering, and inconvenience of being subjected to excessive, deadly force when no force was required.

## CLAIMS FOR RELIEF

### COUNT I
### 42 U.S.C. § 1983
### Deprivation of Constitutional Rights
### (Detective Whitmore)

51.  The allegations contained in the preceding paragraphs of this Complaint are restated as part of this Count as if fully alleged herein.

52.  Detective Whitmore participated personally and directly in the conduct, described more fully above, in which he employed deadly force against Mr. Huth.

53.  By virtue of the activities described in the foregoing paragraphs of this Complaint stated in this Count, Detective Whitmore violated clearly established statutory and constitutional rights of which a reasonable person would have known, based on Detective Whitmore's use of deadly force against Mr. Huth when deadly force, if any force at all, was unjustified and unnecessary.

54.   The foregoing rights and duties are secured by the Fourth, Fifth and Fourteenth Amendments of the United States Constitution and Section 1983 of Title 42 of the United States Code.

55.   As a direct and proximate consequence of these violations by Detective Whitmore, Mr. Huth has been damaged and will continue to be damaged, and Detective Whitmore is liable for Mr. Huth's compensatory damages for physical injury to Mr. Huth; medical expenses and financial damages incurred; emotional pain, suffering, inconvenience and mental anguish; and other nonpecuniary losses, all in an amount not yet fully ascertained but at least equal to approximately $620,000, plus prejudgment interest thereon.

56.   Detective Whitmore is also responsible to pay punitive damages, to punish this Defendant and to deter him and others from engaging in the same type of unlawful conduct in the future, in an amount not yet fully ascertained, but at least equal to three times' actual damages, or approximately $1,860,000.

**COUNT II**
**42 U.S.C. § 1983**
**Deprivation of Constitutional Rights**
**(Salt Lake County)**

57.   The allegations contained in the foregoing paragraphs of this Complaint are realleged as if fully stated herein.

58.   By virtue of the activities described in the foregoing paragraphs of this Complaint, the County, through the Department, violated clearly established statutory and constitutional rights of

which a reasonable person would have known by having a custom, policy or practice that encouraged, permitted and/or condoned the activity in which Detective Whitmore engaged.

59.  By virtue of the activities described in the foregoing paragraphs of this Complaint, the County, through the Department, also engaged in deliberate indifference and/or reckless disregard of the deprivation of Mr. Huth's rights as more fully described above, including but not limited to the County's failure to train, monitor, supervise, and/or discipline Detective Whitmore, and the County's ratification of the unlawful conduct of the Detective.

60.  The actions of Detective Whitmore, described more fully above were taken, by way of example, pursuant to  a policy, practice, or custom of the County, through the Department, that consists of arming police officers with deadly weapons and condoning their use without requiring the consideration of less lethal alternatives, and without providing proper training and/or supervision regarding their safe, reasonable, and appropriate use.

61.  The County, through the Department, was deliberately indifferent, by way of example, toward the proper training, arming, and supervision of its employees and agents, including but not limited to Detective Whitmore, concerning the use of deadly force.

62.  The foregoing rights and duties are secured by the Fourth, Fifth and Fourteenth Amendments of the United States Constitution and Section 1983 of Title 42 of the United States Code.

63.  The foregoing deliberate indifference by the County was the proximate cause of the injuries to Mr. Huth described more fully above.

-12-

64.  As a direct and proximate consequence of these violations by the County, Mr. Huth has been damaged and will continue to be damaged, and the County is liable for Mr. Huth's compensatory damages for emotional pain, suffering, inconvenience, mental anguish, and other nonpecuniary losses, all in an amount not yet fully ascertained but at least equal to approximately $620,000, plus prejudgment interest thereon.

<u>**REQUEST FOR RELIEF**</u>

65.  WHEREFORE, Mr. Huth respectfully demands judgment awarding him the following:

(a) on Count I, judgment that Detective Whitmore violated Section 1983 of Title 42 of the United States Code and that Mr. Huth is entitled to damages from Detective Whitmore in an amount to be determined at trial, including but not limited to compensatory damages for physical injury pain, suffering, mental anguish, humiliation and inconvenience, all in an amount to be determined at trial but at least equal to $620,000; and punitive damages to punish and deter Detective Whitmore and to deter others from engaging in the same unlawful conduct, in an amount to be determined at trial but at least equal to three times' actual damages, or $1,860,000;

(b) on Count II, judgment that the County, through the Department, violated Section 1983 of Title 42 of the United States Code and that Mr. Huth is entitled to damages from the County in an amount to be determined at trial, including but not limited to compensatory damages for pain, suffering, mental anguish, humiliation and inconvenience, all in an amount to be determined at trial but at least equal to $620,000;

(c) costs and disbursements, including reasonable attorney's fees at prevailing market rates, for attorney's with approximately 30 years' experience and substantial experience in handling civil rights cases and jury trials, incurred by Mr. Huth in pursuing this civil action and any appeal of the judgment in this civil action, pursuant to 42 U.S.C. § 1988;

(d) prejudgment interest accrued between the date of the jury's verdict and final judgment, and post-judgment interest accrued between the date of final judgment and the full and complete satisfaction of the judgment; and

(e) such other and further relief as the Court may deem appropriate, including but not limited to reinstatement and such other relief as is necessary to effectuate the purposes of Section 1983 of Title 42 of the United States Code.

## JURY TRIAL DEMAND

66.  Mr. Huth demands a trial by jury on each of the claims set forth in this Complaint.

Respectfully submitted this 8th day of June 2017:

*/s/ Gregory W. Stevens*
Gregory W. Stevens
*Attorney for Plaintiff*

-14-